■ ROMEO FEGUNDES et al., Respondents, v NEW YORK TELEPHONE COMPANY et al., Appellants. (And a Third-Party Action.) [728 NYS2d 79] —In an action to recover damages for personal injuries, etc., the defendant Warren Power Systems appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated May 30, 2000, as, in effect, denied that branch of its motion which was to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs are not entitled to recover under the Labor Law, and the defendants New York Telephone Company and Bell Atlantic separately appeal from so much of the same order as granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against them pursuant to Labor Law § 240 (1), and denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the defendant Warren Power Systems payable by the plaintiffs, that branch of the motion of the defendant Warren Power Systems which was to dismiss the complaint insofar as asserted against it is granted, the cross claim against the defendant Warren Power Systems is dismissed, that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against the defendants New York Telephone Company and Bell Atlantic pursuant to Labor Law § 240 (1) is denied, the cross motion of the defendants New York Telephone Company and Bell Atlantic for summary judgment dismissing the complaint insofar as asserted

against them is granted, and the complaint insofar as asserted against the defendants New York Telephone Company and Bell Atlantic is dismissed.

The plaintiff Romeo Fegundes, a special employee of the defendant Warren Power Systems (hereinafter Warren), was on the third rung of a ladder removing a strip of a conduit from the wall of the building owned by the defendants New York Telephone Company and Bell Atlantic. As Fegundes worked on the conduit, which was about three feet above his head, it came loose from a lock box on the ceiling, and fell, striking his hand. Fegundes did not fall off the ladder.

Fegundes and his wife commenced this action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6). The defendant Warren Power Systems (hereinafter Warren) and the defendants NYT and Bell Atlantic separately moved for summary judgment dismissing the complaint and all cross claims asserted against them. In opposition, the plaintiff cross-moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). The Supreme Court granted that branch of Warren's motion which was to dismiss the complaint insofar as asserted against Warren as barred by the Workers' Compensation Law and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability based upon Labor Law § 240 (1) against NYT and Bell Atlantic.

NYT and Bell Atlantic are not liable under Labor Law § 240 (1). That statute covers "specific gravity-related accidents [such] as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501), and the "plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assocs.,* 96 NY2d 259, 268 [emphasis in original]). Under these circumstances, Fegundes's injury was not the result of the special hazards associated with gravity-related accidents covered by Labor Law § 240 (1).

Since the plaintiffs failed to identify in their motion papers the breach of a specific safety rule established by the Commissioner of the Department of Labor, their cause of action pursuant to Labor Law § 241 (6) is dismissed (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Jiron v China Buddhist Assn.,* 266 AD2d 347).

There was evidence in the record that Bell Atlantic's engineer did not supervise the worksite. The plaintiffs presented no evi-

dence to the contrary. Accordingly, the plaintiffs' cause of action pursuant to Labor Law § 200 is also dismissed (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876).

In view of the foregoing, the cross claim against Warren is dismissed, and the complaint is dismissed insofar as asserted against NYT and Bell Atlantic. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.