■ ANDREW QUINLAN, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. (And a Third-Party Action.) KREISLER BORG FLORMAN GENERAL CONSTRUCTION CO., INC./HANNIBAL CONSTRUCTION AND DEVELOPMENT COMPANY, INC., Second Third-Party Plaintiff-Respondent, v WDF, INC., et al., Second Third-Party Defendants-Respondents. [739 NYS2d 706] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 23, 2001, which, insofar as appealed from, as limited by the briefs denied plaintiff's motion to amend his bill of particulars so as to allege violations of Industrial Code (12 NYCRR) § 23-1.7 (a), § 23-2.1 (b) and § 23-3.3 (b) (1), (3); (c), (e), and granted defendant-respondent's motion for summary judgment dismissing plaintiff's cause of action under Labor Law § 241 (6), unanimously affirmed, without costs.

The Industrial Code violations alleged in plaintiff's proposed amended bill of particulars do not support a cause of action under Labor Law § 241 (6). Plaintiff alleges that he was injured when a piece of metal inside a wall separating two rooms dislodged and fell on his hand as he prepared to patch a large

hole that had been cut in the wall in order to bring a bathtub into the bathroom of an apartment being renovated. Since there is no evidence that plaintiff was working in or frequenting an area that was "normally exposed to falling material or objects" the proposed claim based on 12 NYCRR 23-1.7 (a) is without merit and was properly rejected (*see*, *Daly v City of New York*, 254 AD2d 214). Nor does 12 NYCRR 23-2.1 (b), which addresses "disposal of debris," avail plaintiff, since it "does not sufficiently set forth 'a specific standard of conduct as opposed to a general reiteration of common-law principles' for its violation to qualify as a predicate for a Labor Law § 241 (6) cause of action" (*Mendoza v Marche Libre Assoc.*, 256 AD2d 133). Also unavailing is 12 NYCRR 23-3.3 regulating "demolition by hand," since neither the creation of the hole in the wall nor plaintiff's attempt to repair it constituted "demolition work," defined in 12 NYCRR 23-1.4 (b) (16) as "work incidental to or associated with the total or partial dismantling or razing of a building or other structure including the removing or dismantling of machinery or other equipment" (*see*, *Zuniga v Stam Realty*, 169 Misc 2d 1004, 1010, *affd* 245 AD2d 561, *lv denied* 91 NY2d 813). Concur—Saxe, J.P., Buckley, Sullivan, Rosenberger and Ellerin, JJ.