■ JOSEPH BALD, III, Appellant, v WESTFIELD ACADEMY & CENTRAL SCHOOL et al., Respondents. CONCEPT CONSTRUCTION CORP., Third-Party Plaintiff, v ARRIC CORPORATION, Third-Party Defendant-Respondent. WESTFIELD ACADEMY & CENTRAL SCHOOL, Third-Party Plaintiff, v ARRIC CORPORATION, Third-Party Defendant-Respondent. [747 NYS2d 623] —Appeal from those parts of an order of Supreme Court, Erie County (Whelan, J.), entered September 24, 2001, that, inter alia, granted in part defendants' motion for summary judgment and dismissed the Labor Law §§ 200, 240 (1) and § 241 (6) claims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of defendants' motion with respect to the common-law negligence cause of action and dismissing that cause of action and by denying those parts of the motions of defendants and third-party defendant with respect to the claim under Labor Law § 241 (6) and reinstating that claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff was injured at a construction site when a piece of glass fell from a window that he was dismantling, striking and lacerating his left arm. Plaintiff commenced this action against defendant Westfield Academy & Central School, the owner of the site, and defendant Concept Construction Corp., the general contractor on the project, alleging causes of action for common-law negligence and the violation of Labor Law §§ 200, 240 (1) and § 241 (6). Each defendant then commenced a third-party action against plaintiff's employer, Arric Corporation (Arric), seeking contribution or common-law indemnification. Defendants moved for summary judgment

dismissing the complaint against them, Arric joined in that motion to the extent that it sought summary judgment dismissing the claims under Labor Law § 240 (1) and § 241 (6), and plaintiff cross-moved for partial summary judgment on liability on the Labor Law § 240 (1) claim. Supreme Court granted those parts of defendants' motion seeking summary judgment dismissing the Labor Law claims, granted Arric's motion in its entirety and denied plaintiff's cross motion. Although the court did not explicitly rule on that part of defendants' motion with respect to the common-law negligence cause of action, the failure to rule is deemed a denial of that part of the motion (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864).

Plaintiff concedes on appeal that the court properly dismissed the claim under Labor Law § 240 (1). We conclude that the court properly granted that part of defendants' motion seeking summary judgment dismissing the claim under Labor Law § 200 but also should have granted that part of the motion with respect to the common-law negligence cause of action. Defendants established that they had no authority to supervise or control the work being performed by plaintiff at the time of his accident, that the alleged defect or dangerous condition arose out of the subcontractor's own methods of work, and that they lacked actual or constructive notice of the alleged defect or dangerous condition (*see Lombardi v Stout*, 80 NY2d 290, 295; *Matter of Fischer v State of New York*, 291 AD2d 815, 816; *cf. Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017), and plaintiff failed to raise a triable issue of fact. Thus, no liability may be imposed against defendants under principles of common-law negligence or under Labor Law § 200 (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877, citing *Lombardi*, 80 NY2d at 295).

We further conclude that the court erred in granting those parts of the motions of defendants and Arric seeking summary judgment dismissing the claim under Labor Law § 241 (6). Plaintiff was engaged in "construction * * * or demolition work" protected under that statute (*id.*; *see* 12 NYCRR 23-1.4 [b] [13]), and 12 NYCRR 23-3.3 (b) (3) and (c) are both sufficiently specific and applicable to the facts of this case to support the claim under Labor Law § 241 (6) (*see Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 791-792; *Gawel v Consolidated Edison Co. of N.Y.*, 237 AD2d 138; *cf. Quinlan v City of New York*, 293 AD2d 262).

We therefore modify the order by granting that part of defendants' motion with respect to the common-law negligence cause of action and dismissing that cause of action and by

denying those parts of the motions of defendants and Arric with respect to the claim under Labor Law § 241 (6) and reinstating that claim. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.