■ SCOTT BENNETT et al., Respondents, v SDS HOLDINGS, Appellant. [764 NYS2d 763] —Appeal from an order of Supreme Court, Erie County (Rath, Jr., J.), entered October 16, 2002, which, inter alia, granted plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiffs' motion and granting that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and denying that part of defendant's cross motion seeking summary judgment dismissing that cause of action. Scott Bennett (plaintiff) was injured while demolishing an interior wall of a building owned by defendant when the "top plate," consisting of two 10- to 12-foot-long 2 × 4's that were nailed together, fell on him. The wall frame consisted of 2 × 4 studs that were nailed to the top plate, which was approximately 10 feet above and parallel to the floor, and to the "base plate," which ran along the floor. When plaintiff removed the last 2 × 4 frame stud from the base plate, the top plate fell and struck him on the head.

Although plaintiff was struck by a falling object, we nevertheless conclude that this case does not fall within the ambit of

Labor Law § 240 (1). In cases involving falling objects, "Labor Law § 240 (1) applies where the falling of an object is related to 'a significant risk inherent in * * * the relative elevation. * * * at which materials or loads must be positioned or secured'" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 267-268 [2001]). In order for section 240 (1) to apply, "plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*id.* at 268). Here, the top plate did not fall while being hoisted, nor did it fall while being secured (*see Gampietro v Lehrer McGovern Bovis,* 303 AD2d 996 [2003]). Moreover, the top plate was part of the wall that plaintiff was demolishing, which was at the same elevation as plaintiff (*see Terry v Mutual Life Ins. Co. of N.Y.,* 265 AD2d 929 [1999]; *Zdzinski v North Star Constr.,* 242 AD2d 951 [1997], *lv denied* 91 NY2d 804 [1997]).

The court properly denied that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action to the extent that it is based on the alleged violation of 12 NYCRR 23-3.3 (b) (3) and (c). Those regulations are sufficiently specific, and defendant failed to meet its burden of establishing that they are inapplicable to the facts of this case (*see Bald v Westfield Academy,* 298 AD2d 881, 882 [2002]; *see also Sponholz v Benderson Prop. Dev.,* 273 AD2d 791, 791-792 [2000]).

Thus, we modify the order by denying plaintiffs' motion and granting that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and dismissing that cause of action. Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.