■ MICHAEL SPARKES, Appellant, v ALVIN BERGER et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant. [783 NYS2d 390]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated March 24, 2003, as denied that branch of his cross motion which was for summary judgment on the issue of liability on his claims to recover damages for violations of Labor Law § 240 (1) and § 241 (6) against the defendants Alvin Berger, as trustee of the Shirley Kaufman Trust, dated December 24, 1993, and New York Methodist Hospital.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents appearing separately and filing separate briefs.

The plaintiff did not establish his prime facie entitlement to judgment as a matter of law on his causes of action to recover damages for violations of Labor Law § 240 (1) (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The plaintiff was injured when a portion of a steel garage door track that he was in the process of removing fell and struck him. His injuries did not result from the special hazards associated with gravity-related accidents covered by Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Fegundes v New York Tel. Co.*, 285 AD2d 526, 527 [2001]).

The Supreme Court correctly determined that the Industrial Code provisions the plaintiff alleged were violated did not furnish a basis for liability under Labor Law § 241 (6). 12 NYCRR 23-1.5 merely establishes a general safety standard that does not give rise to the nondelegable duty imposed by Labor Law § 241 (6) (*see Mancini v Pedra Constr.*, 293 AD2d 453, 454 [2002]; *Vernieri v Empire Realty Co.*, 219 AD2d 593, 598 [1995]). 12 NYCRR 23-3.3 was not applicable here, as that provision concerns demolition work, which is distinct from the type of renovation work in which the plaintiff was involved (*see generally Quinlan v City of New York*, 293 AD2d 262 [2002]; *Zuniga v Stam Realty*, 169 Misc 2d 1004, 1010 [1996], *affd* 245 AD2d 561 [1997]).

The plaintiff's remaining contentions are without merit. Smith, J.P., Adams, Crane and Lifson, JJ., concur.