■ JAROSLAW SIERZPUTOWSKI, Respondent, v CITY OF NEW YORK et al., Appellants. [789 NYS2d 214]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated February 26, 2004, as denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages based on violations of Labor Law § 240 (1) and § 241 (6) predicated on violations of 12 NYCRR 23-3.3 (b) (3) and (c), and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action to recover damages based on a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action to recover damages based on violations of Labor Law § 240 (1) and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his cause of action to recover damages based on a violation of Labor Law § 240 (1) and

substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, an employee of a demolition subcontractor, was cutting an old boiler into sections with a torch in preparation for its dismantling. The sections were not completely severed from the boiler. As the plaintiff rested next to the boiler and leaned against it with his right hand, a large section of the boiler fell and struck that hand. He had been using his torch on that section about 10 minutes before the accident. According to the plaintiff, the section of the boiler fell as a result of the vibrations created when a large piece of steel from an adjacent boiler fell to the floor.

The plaintiff commenced this action alleging, among other things, that the defendants violated Labor Law § 240 (1) and § 241 (6). The defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved, among other things, for summary judgment on the issue of liability on the causes of action pursuant to Labor Law § 240 (1) and § 241 (6). The Supreme Court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages based on violations of Labor Law § 240 (1) and § 241 (6) predicated on violations of 12 NYCRR 23-3.3 (b) (3) and (c), and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action to recover damages based on a violation of Labor Law § 240 (1).

Contrary to the Supreme Court's determination, the defendants are not liable under Labor Law § 240 (1). In order for that statute to apply, the "plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001]). Here, the plaintiff's injury was not the result of a special hazard associated with gravity-related accidents covered by Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc., supra; Sparkes v Berger,* 11 AD3d 601 [2004]; *Fegundes v New York Tel. Co.,* 285 AD2d 526, 527 [2001]).

However, the Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on 12 NYCRR 23-3.3 (b) (3) and (c) (*see Bald v Westfield Academy & Cent. School,* 298 AD2d 881, 882 [2002]). Smith, J.P., Luciano, Crane and Rivera, JJ., concur.