JOHN J. PERILLO, Respondent, v LEHIGH CONSTRUCTION GROUP, INC., Appellant, et al., Defendant. [795 NYS2d 808]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered April 27, 2004. The order, insofar as appealed from, denied the motion of defendant Lehigh Construction Group, Inc. for summary judgment dismissing the complaint and cross claims against it and granted that part of plaintiff's cross motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the Labor Law § 240 (1) claim and the § 241 (6) claim insofar as it is based upon the alleged violations of 12 NYCRR 23-1.7 (a) and 23-3.2 (b) against defendant Lehigh Construction Group, Inc. and denying the cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a demolition worker, was injured when a piece of a partition wall that had been partially demolished from the floor upward fell and struck him. He commenced this action asserting causes of action for negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6) against, inter alia, Lehigh Construction Group, Inc., the general contractor (defendant) and Stephen B. McGarvey, LLC, the owner. After joinder of issue and discovery, Supreme Court, inter alia, denied those parts of the motion of defendant that sought summary judgment dismissing the claims for the violation of sections 240 (1) and 241 (6) against it, and granted that part of plaintiff's cross motion that sought partial summary judgment on the issue of liability on the section 240 (1) claim.

The court erred in denying that part of defendant's motion that sought summary judgment dismissing the section 240 (1) claim and in granting that part of plaintiff's cross motion that sought partial summary judgment on that claim, and we therefore modify the order accordingly. "Labor Law § 240 (1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured' " (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001], quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Further, "[a] plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*id.* at 268 [emphasis deleted]). Here, the remains of the partially demolished partition wall were not "materials or loads" that were being "hoisted or secured," and thus Labor Law § 240 (1) does not apply (*see Narducci, 96 NY2d* at 267-268; *Bennett v SDS Holdings*, 309 AD2d 1212, 1213 [2003]; *Matter of Fischer v State of New York*, 291 AD2d 815, 815-816 [2002]; *see also Sierzputowski v City of New York*, 14 AD3d 606, 607 [2005]; *Sparkes v Berger*, 11 AD3d 601, 602 [2004]).

Turning to the Labor Law § 241 (6) claim, we conclude that the court properly denied that part of defendant's motion that sought summary judgment dismissing that claim insofar as it is

predicated on the alleged violation of 12 NYCRR 23-3.3 (b) (3) and (c). Those Industrial Code provisions are sufficiently specific to support a Labor Law § 241 (6) claim and are applicable to the facts herein (*see Sierzputowski*, 14 AD3d at 607; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *Bald v Westfield Academy & Cent. School*, 298 AD2d 881, 882 [2002]; *Gawel v Consolidated Edison Co. of N.Y.*, 237 AD2d 138 [1997]). We further conclude, however, that the court should have dismissed the Labor Law § 241 (6) claim insofar as it is predicated on the alleged violation of 12 NYCRR 23-1.7 (a) and 23-3.2 (b), and we therefore further modify the order accordingly. Section 23-1.7 (a) (2) is inapplicable because plaintiff was "required to work or pass" in or through the area of the partially demolished wall, and 23-1.7 (a) (1) is inapplicable because plaintiff's work site was not "normally exposed to falling material or objects" (*see McLaughlin v Malone & Tate Bldrs.*, 13 AD3d 859, 861 [2004]; *Gampietro v Lehrer McGovern Bovis*, 303 AD2d 996, 997-998 [2003]; *Sears v Niagara County Indus. Dev. Agency*, 258 AD2d 918, 918-919 [1999]; *see also Quinlan v City of New York*, 293 AD2d 262, 262-263 [2002]). Finally, section 23-3.2 (b) is inapplicable here because that section pertains solely to the protection of the stability of "adjacent structures"; it does not pertain to the protection of the stability of walls within the building or structure being demolished. Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.