■ DAVID MARINACCIO et al., Appellants, v ARLINGTON CENTRAL SCHOOL DISTRICT et al., Respondents, et al., Defendants. [836 NYS2d 232]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated February 9, 2006, as granted those branches of the separate motions of the defendant Arlington Central School District and the defendant Casler Masonry, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, a laborer, tripped on a masonry block as he was attempting to remove an insulated blanket covering footings in a trench. The plaintiff commenced this action to recover damages against, among others, Arlington Central School District, the owners of the premises, and Casler Masonry, Inc., a subcontractor (hereinafter collectively the respondents), based on Labor Law §§ 200 and 241 (6), and common-law negligence. The respondents moved separately for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions, and we affirm.

The respondents made a prima facie showing of their entitlement to judgment as a matter of law with respect to the

plaintiff's cause of action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2). This regulation requires working areas, such as a floor, to be kept clear of debris and "scattered tools and materials . . . insofar as may be consistent with the work being performed." The deposition testimony established that on the day of the accident, the plaintiff, as part of his job, was required to remove from the site an insulated blanket and any debris lying on the ground. The regulation relied upon by the plaintiff does not apply where, as here, "the object on which the plaintiff tripped . . . was an integral part of the work he was performing" (*Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001]).

In opposition to the respondents' prima facie showing of entitlement to summary judgment dismissing the plaintiff's causes of action based on Labor Law § 200 and common-law negligence, the plaintiff failed to raise any triable issue of fact as to whether the respondents exercised supervision or control over the work being performed or had any notice of a defective or dangerous condition (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 623 [2003]; *Harvey v Morse Diesel Intl.*, 299 AD2d 451, 453 [2002]). Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.