■ Jorge Campoverde, Appellant, v Bruckner Plaza Associates, L.P., et al., Respondents, et al., Defendants. [855 NYS2d 268]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated March 30, 2006, as denied his cross motion for leave to reargue his motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, which was determined in an order of the same court dated May 27, 2005, and, upon granting the motion of the defendants Fisher Development, Inc., and the Gap, Inc., and the cross motion of the defendants Bruckner Plaza Associates, L.P., Bruckner Plaza Corp., and Esther Schulder, for reargument of those branches of their respective motions which were for summary judgment dismissing his claims under Labor Law § 241 (6) insofar as asserted against them, which also had been denied in the order dated May 27, 2005, granted those branches of the respective defendants' motions.

Ordered that the appeal from so much of the order as denied the plaintiff's motion for leave to reargue is dismissed, as no appeal lies from the denial of reargument (see Haughey v Haughey, 45 AD3d 804 [2007]; Berktas v McMillian, 40 AD3d 563, 564 [2007]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court correctly granted summary judgment to the respondents dismissing the plaintiff's claims under Labor Law § 241 (6) alleging violation of 12 NYCRR 23-3.3 (c) and (e). The respondents demonstrated that 12 NYCRR 23-3.3 (c), governing inspections, did not apply to the facts of this case, as that regulation requires "continuing inspections against hazards which are created by the progress of the demolition work itself" rather than inspections of how demolition would be performed (*Monroe v City of New York*, 67 AD2d 89, 100 [1979]). The hazard which injured the plaintiff was the actual performance of the demolition work, not structural instability caused by the progress of the demolition.

The respondents also demonstrated that 12 NYCRR 23-3.3 (e), applying to buckets and hoists, did not apply to the facts of this case, as that regulation requires buckets and hoists to be used in the removal of demolition debris from the interior of structures, not in the removal of material from its original place in a wall or ceiling (*see generally Zdunczyk v Ginther*, 15 AD3d 574 [2005]; *Donnelly v City of Niagara Falls*, 5 AD3d 1103 [2004]; *Freitas v New York City Tr. Auth.*, 249 AD2d 184 [1998]). Here, the plaintiff was injured while removing a duct from a ceiling, not while removing it from the building in order to dispose of it.

The respondents established, prima facie, their entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact regarding the applicability of those sections of the Industrial Code. Rivera, J.P., Lifson, Florio and Chambers, JJ., concur.