■ MICHAEL NOVAK et al., Respondents, v RAYMOND L. DEL SAVIO et al., Appellants, and HUDSON MERIDIAN CONSTRUCTION GROUP, LLC, Defendant and Third-Party Plaintiff-Respondent. DELCO ELECTRICAL CORP., Third-Party Defendant-Appellant. [883 NYS2d 558]—

In an action to recover damages for personal injuries, etc., the defendants Raymond L. Del Savio and 304 W. 115, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered June 27, 2008, as denied that branch of the motion of the defendant 304 W. 115, LLC, which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against it, and granted the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against them, and (2) the third-party defendant, Delco Electrical Corp., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its separate cross motion which was, in effect, for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against the defendant third-party plaintiff, Hudson Meridian Construction Group, LLC, and granted the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against the defendant third-party plaintiff.

Ordered that the appeal by the defendant Raymond L. Del Savio from so much of the order as denied that branch of the motion of the defendant 304 W. 115, LLC, which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against it is dismissed, as he is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1) is denied, that branch of the motion of the defen-

dant 304 W. 115, LLC, which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against it is granted, and so much of the order as denied that branch of the cross motion of the third-party defendant which was, in effect, for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against the defendant third-party plaintiff is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The injured plaintiff Michael Novak was employed as an electrician by the third-party defendant Delco Electrical Corp. On the date of the accident, the injured plaintiff was assigned to run galvanized pipe along the ceiling of the basement floor of a building which was under construction. As the injured plaintiff was standing on a ladder and preparing to install a pipe, which he had wedged at a height slightly above his head, the pipe came loose and fell, striking him on the side of his face.

The injured plaintiff and his wife, suing derivatively, subsequently commenced this action against the building owner, the defendant 304 W. 115 LLC (hereinafter the owner), and its manager Raymond L. Del Savio, alleging, inter alia, violation of Labor Law § 240 (1). Also named as a defendant was the defendant third-party plaintiff Hudson Meridian Construction Group, LLC (hereinafter Hudson), the general contractor on the construction project. After depositions had been conducted, the owner moved for summary judgment dismissing the complaint insofar as asserted against it, and the third-party defendant cross-moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against Hudson. The plaintiffs cross-moved for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1). The Supreme Court denied that branch of the owner's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, denied that branch of the third-party defendant's cross motion which was, inter alia, in effect, for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against Hudson, and granted the plaintiffs' cross motion on the issue of liability on the Labor Law § 240 (1) cause of action. We disagree with the Supreme Court.

Labor Law § 240 (1) requires owners and contractors to provide workers with appropriate safety devices to protect against "such specific gravity-related accidents as falling from a

height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). However, not every object that falls on a worker gives rise to the extraordinary protections of Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Thus, in order to recover damages for violation of the statute, the "plaintiff must show more than simply that an object fell causing injury to a worker." (*Id.*, at 268.) A plaintiff must show that, at the time the object fell, it was "being hoisted or secured" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268) or "required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]; *see Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758 [2008]). The plaintiff must also show that the object fell *"because* of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). Here, the pipe which fell was not in the process of being hoisted or secured, and did not require securing for the purpose of being affixed to the ceiling. Accordingly, the injured plaintiff's accident did not result from the special hazards associated with gravity-related accidents covered by Labor Law § 240 (1), and does not fall within the scope of that statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 825 [2009]; *Atkinson v State of New York*, 20 AD3d 739, 740 [2005]; *Sierzputowski v City of New York*, 14 AD3d 606, 607 [2005]; *Sparkes v Berger*, 11 AD3d 601, 602 [2004]; *Fegundes v New York Tel. Co.*, 285 AD2d 526, 527 [2001]). Accordingly, the injured plaintiff's accident does not fall within the scope of Labor Law § 240 (1).

In light of our determination, we need not reach Del Savio's alternative argument that he cannot be held personally liable for the owner's alleged statutory violation. Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.