■ WILLIE SMITH et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and BOVIS LEND LEASE, INC., et al., Respondents. [897 NYS2d 232]—

In a consolidated action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 27, 2009, as denied that branch of its cross motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against it and on its cross claim for contractual indemnification against the defendants Bovis Lend Lease, Inc., and Bovis Lend Lease LMB, Inc.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the appellant's cross motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against it and substituting therefor a provision granting that branch of the cross motion, and (2) by adding the words "as academic" following the words "The branch of NYCHA's cross motion for summary judgment seeking contractual indemnification is denied"; as so modified, the order is af-

firmed insofar as appealed from, with one bill of costs to the appellant, payable by the plaintiffs.

The injured plaintiff allegedly sustained personal injuries while performing demolition work at a New York City Housing Authority (hereinafter NYCHA) housing development in Queens. NYCHA had entered into a construction management agreement with the defendant Bovis Lend Lease LMB, Inc., the construction manager for the project. The injured plaintiff was an employee of Zaffuto Construction Company, Inc., a general contractor hired by NYCHA.

The injured plaintiff alleged that, at the time of the subject accident, he was using a jackhammer to perform work demolishing a four-foot wall of a terrace as he stood on the platform of some scaffolding. Specifically, he was using the jackhammer to chip away mortar surrounding a cinder block in order to dislodge the block from the wall, when he observed the cinder block, which was still attached to either one or two other cinder blocks, start to fall. The injured plaintiff tripped on some broken brick on the platform while attempting to move out of the way. The cinder block on which he was working, along with the attached cinder blocks, fell on his foot, causing injury.

The injured plaintiff claimed that, generally, after broken brick and cinder block were piled up onto scaffolding, laborers would remove it. However, according to the injured plaintiff, the broken brick and cinder block had not yet been removed from the scaffolding when the accident occurred.

The plaintiffs commenced one personal injury action against NYCHA and commenced a separate personal injury action against the defendants Bovis Lend Lease, Inc., and Bovis Lend Lease LMB, Inc. (hereinafter together Bovis). Bovis Lend Lease LMB, Inc., alleges, however, that Bovis Lend Lease, Inc., is merely a company related to it, and not involved in the project. The two actions were consolidated. The plaintiffs alleged violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence.

Bovis moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and NYCHA cross-moved for summary judgment dismissing the complaint insofar as asserted against it and on its cross claim for contractual indemnification against Bovis.

The Supreme Court granted Bovis's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court also granted that branch of NYCHA's cross motion which was for summary judgment dismissing the Labor Law §§ 200 and 240 (1), and

common-law negligence causes of action, but denied those branches of NYCHA's cross motion which were for summary judgment dismissing the Labor Law § 241 (6) cause of action, which was predicated on 12 NYCRR 23-1.7 (e) (2); 23-3.3 (b) (3) and (c), and on its cross claim against Bovis for contractual indemnification, concluding that there were triable issues of fact.

NYCHA demonstrated, prima facie, that 12 NYCRR 23-1.7 (e) (2), which requires owners and contractors to maintain working areas free from tripping hazards such as, inter alia, debris and scattered materials "insofar as may be consistent with the work being performed," did not apply to the facts of this case. The evidence submitted by NYCHA demonstrated that the materials that the injured plaintiff alleges he tripped over were integral to the work being performed (see Solis v 32 Sixth Ave. Co. LLC, 38 AD3d 389 [2007]; Marinaccio v Arlington Cent. School Dist., 40 AD3d 714 [2007]; Castillo v Starrett City, 4 AD3d 320, 322 [2004]; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 620 [2003]; cf. Riley v J.A. Jones Contr., Inc., 54 AD3d 744, 745 [2008]).

NYCHA also demonstrated, prima facie, that 12 NYCRR 23-3.3 (c), governing inspections, did not apply to the facts of this case, as that regulation requires "continuing inspections against hazards which are created by the progress of the demolition work itself," rather than inspections of how demolition would be performed (Campoverde v Bruckner Plaza Assoc., L.P., 50 AD3d 836, 837 [2008] [internal quotation marks omitted]). The hazard which allegedly caused the injured plaintiff's accident arose from the actual performance of the demolition work, not structural instability caused by the progress of the demolition, the hazard sought to be avoided by that provision of the Industrial Code. In addition, NYCHA demonstrated, prima facie, that 12 NYCRR 23-3.3 (b) (3) did not apply to the facts of this case since the injured plaintiff testified that he was hammering one of the particular cinder blocks that fell in order to dislodge it from the wall (id.; cf. Balladares v Southgate Owners Corp., 40 AD3d 667, 669 [2007]; Bennett v SDS Holdings, 309 AD2d 1212 [2003]; Bald v Westfield Academy & Cent. School, 298 AD2d 881 [2002]).

In opposition to NYCHA's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact regarding the applicability of those provisions of the Industrial Code. Accordingly, the Supreme Court should have awarded NYCHA summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6)

insofar as asserted against it (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In light of our determination that the branch of NYCHA's cross motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against it should have been granted, the Supreme Court should have denied, as academic, that branch of NYCHA's cross motion which was for summary judgment on its cross claim against Bovis for contractual indemnification. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.