■ JOHNNY MENDEZ, Respondent, v JACKSON DEVELOPMENT GROUP, LTD., et al., Appellants, and NCJ DEVELOPMENT, INC., Respondent, et al., Defendant. [951 NYS2d 736]—

The plaintiff allegedly was injured while he and a coworker were installing plate glass window panes in a building under construction. According to the plaintiff, while he was standing on a ladder, and while his coworker was standing on the ground, they jointly lifted a glass window pane in order to install it in a window frame. The glass window pane split in half and the pieces struck the plaintiff, causing injuries. The plaintiff then commenced this action to recover damages for personal injuries, alleging causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).

In the order appealed from, the Supreme Court, inter alia,

denied the motion of the defendants Jackson Development Group, Ltd., 102 Partners, and Bellerose Builders, Inc. (hereinafter collectively the appellants), for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, and granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). We modify.

Labor Law § 240 (1) requires property owners and contractors to provide workers with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" to the workers (Labor Law § 240 [1]). The purpose of the statute is to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011]; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490 [1995]). However, not every object that falls on a worker gives rise to the extraordinary protections of Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Thus, in order to recover damages for violation of the statute, the "plaintiff must show more than simply that an object fell causing injury to a worker" (*id.* at 268). A plaintiff must show that, at the time the object fell, it was "being hoisted or secured" (*id.* at 268) or "required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]; *see Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758 [2008]). The plaintiff also must show that the object fell "*because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268).

The appellants established, prima facie, their entitlement to judgment as a matter of law dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1). In this regard the evidence submitted by the appellants showed "the absence of a causal nexus between the worker's injury and a lack or failure of a device prescribed by section 240 (1)" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 9, citing *Misseritti v Mark IV Constr. Co.*, 86 NY2d at 490-491; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *Novak v Del Savio*, 64 AD3d 636 [2009]; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 825 [2009]; *Atkinson v State of New York*, 20 AD3d 739, 740 [2005]; *Sierzputowski v City of New York*, 14 AD3d 606, 607 [2005]; *Sparkes v Berger*, 11 AD3d 601, 602 [2004]). In

opposition to that branch of the appellants' motion, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them. For the same reason, the plaintiff failed to make a prima facie showing in support of his cross motion for summary judgment on the issue of liability on this cause of action, and, therefore, the Supreme Court should have denied the plaintiff's cross motion.

Moreover, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them. In support of the Labor Law § 241 (6) cause of action, the plaintiff relied upon an alleged violation of section 23-1.7 (e) (2) of the Industrial Code, which requires owners and contractors to maintain working areas free from tripping hazards such as, inter alia, debris and any other obstructions, "insofar as may be consistent with the work being performed" (12 NYCRR 23-1.7 [e] [2]). This regulation " 'is designed to protect against tripping hazards and sharp projections on floors and platforms' " (*Cooper v State of New York*, 72 AD3d 633, 635 [2010], quoting *Fura v Adam's Rib Ranch Corp.*, 15 AD3d 948, 949 [2005]). In support of this branch of their motion, the appellants established, prima facie, that 12 NYCRR 23-1.7 (e) (2) is inapplicable to the plaintiff's accident, as the plaintiff did not allege that he tripped on a tripping hazard. Instead, at his deposition and in his affidavit submitted in opposition to the motion, the plaintiff averred that the debris in the area made it difficult for him to maneuver but he did not know what caused the glass pane to break. In opposition to the appellants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Pope v Safety & Quality Plus, Inc.*, 74 AD3d 1040 [2010]; *Cooper v State of New York*, 72 AD3d 633 [2010]).

However, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200 insofar as asserted against them. In support of that branch of their motion, the appellants contended that they did not direct or control the plaintiff's work. However, where, as here, "a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law

negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]; *see Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47 [2011]). The appellants' submissions failed to eliminate all triable issues of fact as to whether they had control over the work site and whether they had actual or constructive notice of a dangerous condition (*see Mott v Tromel Constr. Corp.*, 79 AD3d 829, 830 [2010]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d at 708). Since the appellants failed to make a prima facie showing of entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200 insofar as asserted against them was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.