In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J), dated July 25, 2011, as denied that branch of his motion which was *884 for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted that branch of the defendant third-party plaintiffs cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), and the defendant third-party plaintiff cross-appeals from the same order.
Ordered that the cross appeal is dismissed as abandoned {see 22 NYCRR 670.8 [e]); and it is further,
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the third-party defendant, payable by the plaintiff.
The plaintiff, an employee of the third-party defendant, Shaira Construction Corp. (hereinafter Shaira), testified at his deposition that, on the day of his accident, Shaira’s principal, Balwinder Singh, directed him to stand on an unsecured ladder and remove pipes from the ceiling of a building during demolition work. The pipes were supported by brackets. The plaintiff testified that as he was cutting a bracket, other brackets gave way, and a pipe fell and hit the ladder. This allegedly caused the ladder to fall over, and the plaintiff fell to the floor. While the plaintiff testified that Singh had told him to ascend the ladder and cut the pipe, Singh testified at his deposition that he had only authorized other employees to do this work, and that he had only instructed the plaintiff to do clean-up work.
The plaintiff moved, inter alia, for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1), based on the ladder having been unsecured. The defendant third-party plaintiff, Renaissance 632 Broadway, LLC (hereinafter Renaissance), the owner of the building, cross-moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), contending that the Industrial Code provisions the plaintiff relied upon did not apply. Shaira opposed the plaintiff’s motion, contending that that there was a triable issue of fact as to whether the plaintiff was acting outside the scope of his employment at the time of the accident.
The Supreme Court denied that branch of the plaintiffs motion which was for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1), and granted that branch of Renaissance’s cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6).
“To receive the protections of Labor Law §§ 240 and 241, an *885 employee must show that ‘he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent’ ” (Singh v City of New York, 68 AD3d 1095, 1096 [2009], quoting Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971 [1979]). Here, in opposition to the plaintiffs prima facie showing of entitlement to judgment as a matter of law (see Durmiaki v International Bus. Machs. Corp., 85 AD3d 960 [2011]; Cordova v 360 Park Ave. S. Assoc., 33 AD3d 750 [2006]), Renaissance and Shaira raised a triable issue of fact as to whether the plaintiff was acting outside of the scope of his employment when he ascended the ladder and began removing pipes from the ceiling (see Lazri v Kingston City Consol. School Dist., 95 AD3d 1642 [2012]; Haque v Crown Hgts. NRP Assoc., LP, 33 AD3d 864 [2006]; Andino v BFC Partners, 303 AD2d 338 [2003]; Higgins v 1790 Broadway Assoc., 261 AD2d 223, 224 [1999]; see also Serrano v Popovic, 91 AD3d 626 [2012]). Thus, the Supreme Court properly denied that branch of the plaintiff’s motion which was for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1).
The Supreme Court also properly granted that branch of Renaissance’s cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), as the Industrial Code provisions relied upon by the plaintiff are not applicable. Under 12 NYCRR 23-1.21 (e) (3), “[standing stepladders shall be used only on firm, level footings. When work is being performed from a step of a stepladder 10 feet or more above the footing, such stepladder shall be steadied by a person stationed at the foot of the stepladder or such stepladder shall be secured against sway by mechanical means.” Here, the plaintiff testified that the ladder was 8 feet in height, and Singh testified that the ladder was 6 feet in height. In either case, the regulation was inapplicable, as the step the plaintiff was standing on was less than 10 feet above the footing (see Letterese v State of New York, 21 Misc 3d 1124[A], 2004 NY Slip Op 51933[U] [Ct Cl 2004], affd 33 AD3d 593 [2006]).
The provisions of 12 NYCRR 23-3.3 (b) (3) and (c) also are inapplicable, as the hazard arose from the plaintiffs actual performance of the demolition work itself, rather than from “structural instability caused by the progress of the demolition” (Smith v New York City Hous. Auth., 71 AD3d 985, 987 [2010]; see Garcia v 225 E. 57th St. Owners, Inc., 96 AD3d 88, 92 [2012]; Ortega v Everest Realty LLC, 84 AD3d 542 [2011]). *886 Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur. [Prior Case History: 2011 NY Slip Op 33270(U).]