In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered April 9, 2012, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-appeal, as limited by their brief, from so much the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the defendants’ cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) are granted; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The plaintiff was employed to demolish an interior partition wall in a commercial building. The bottom portion of the wall consisted of sheetrock, while a single glass pane, approximately five feet wide by six feet high, had been installed in a metal frame in the wall about four feet from the floor on top of the sheetrock. The plaintiff was holding the glass pane while a coworker attempted to dislodge it from the metal frame by the use of pliers, when the glass pane cracked and fell, causing the plaintiff to sustain injuries. The plaintiff subsequently commenced this action alleging, inter alia, violations of Labor Law §§ 240 (1) and 241 (6).
The Supreme Court should have granted that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). Not every object that falls on a worker gives rise to the extraordinary protections of Labor Law § 240 (1) (see Narducci v Manhasset Bay Assoc., 96 3NY2d 259, 267 [2001]). To *955 recover, a plaintiff must show that, at the time the object fell, it was being hoisted or secured, or “required securing for the purposes of the undertaking” (Outar v City of New York, 5 NY3d 731, 732 [2005]; see Quattrocchi v F.J. Sciame Constr. Coup., 11 NY3d 757, 758 [2008]). The plaintiff also must show that the object fell “because of the absence or inadequacy of a safety device of the kind enumerated in the statute” (Narducci v Manhasset Bay Assoc., 96 NY2d at 268). Here, the glass pane that caused the plaintiffs injuries was slated for demolition at the time of the accident, and the defendants established, prima facie, that the glass pane was not an object that required securing for the purposes of the undertaking, that is, the demolition (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 11 [2011]; Narducci v Manhasset Bay Assoc., 96 NY2d at 268; Ofri v Waldbaum, Inc., 285 AD2d 536 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reasons, the Supreme Court properly denied the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
The Supreme Court also should have granted that branch of the defendants’ cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). The defendants demonstrated that the provisions of 12 NYCRR 23-3.3 (b) (3) and (c), relied on by the plaintiff, are inapplicable, as the hazard arose from the plaintiffs actual performance of the demolition work itself, rather than from structural instability caused by the progress of the demolition (see Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885 [2013]; Smith v New York City Hous. Auth., 71 AD3d 985, 987 [2010]; Campoverde v Bruckner Plaza Assoc., L.P., 50 AD3d 836, 837 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiffs remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Rivera, Lott and Cohen, JJ., concur.