Mendez v Vardaris Tech, Inc. (2019 NY Slip Op 04932)





Mendez v Vardaris Tech, Inc.


2019 NY Slip Op 04932


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-06235
 (Index No. 700145/14)

[*1]Guido Mendez, appellant, 
v
Vardaris Tech, Inc., respondent.


Silberstein, Awad & Miklos, P.C., Garden City, NY (Susan B. Eisner and Dennis R. Smith of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Mathew P. Ross, Judy C. Selmeci, and I. Elie Herman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered May 17, 2016. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law §§ 200 and 241(6), and for common-law negligence. 
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241(6), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The defendant, the general contractor for a construction project at an elementary school in Manhattan, retained nonparty Asar International, Inc. (hereinafter Asar), to perform asbestos removal work in the building. On the date of the subject accident, the plaintiff, a foreman employed by Asar, was supervising the removal of asbestos-containing material from a classroom ceiling, portions of which were removed using a jackhammer. There were several "long" overhead light fixtures in the classroom which were attached to the ceiling by thin steel beams. After the plaintiff entered the classroom following a break in the work, he allegedly was injured when a light fixture fell from the ceiling and struck him on the head. 
The plaintiff commenced this action against the defendant to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6), and for common-law negligence. The defendant moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law §§ 200 and 241(6), and for common-law negligence.
"Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, [*2]61). Here, the parties agree that the plaintiff's claim arises out of an allegedly dangerous condition on the premises. "A contractor may be liable in common-law negligence and under Labor Law § 200 in cases involving an allegedly dangerous premises condition only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it'" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663, quoting Martinez v City of New York, 73 AD3d 993, 998). In this case, the defendant established, prima facie, that it did not create the allegedly dangerous condition involving the light fixture, or have actual or constructive notice of such condition (see Guevera v Simon Prop. Group, Inc., 134 AD3d 899, 900-901; Ragone v Spring Scaffolding, Inc., 46 AD3d 652, 655). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the causes of action to recover damages for a violation of Labor Law § 200 and for common-law negligence.
However, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241(6). That statute "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502). Labor Law § 241(6) requires owners and contractors to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (see Misicki v Caradonna, 12 NY3d 511, 515; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d at 983). Here, the cause of action alleging a violation of Labor Law § 241(6) was predicated on, inter alia, Industrial Code (12 NYCRR) § 23-3.3(b)(3) and (c). Industrial Code (12 NYCRR) § 23-3.3(b)(3) provides that "[w]alls, chimneys and other parts of any building or other structure shall not be left unguarded in such condition that such parts may fall, collapse or be weakened by wind pressure or vibration." Industrial Code (12 NYCRR) § 23-3.3(c), which governs inspections, requires "continuing inspections against hazards which are created by the progress of the demolition work itself, rather than inspections of how demolition would be performed" (Smith v New York City Hous. Auth., 71 AD3d 985, 987 [internal quotation marks omitted]).
In support of its motion, the defendant submitted the transcript of the plaintiff's deposition testimony, in which the plaintiff testified that a supervisor from the defendant instructed the plaintiff not to remove the light fixtures, and to cover them with plastic to prevent them from getting damaged during the work. In addition, the plaintiff testified that, prior to the accident, he had complained about the absence of scaffolds to perform the work, and that the defendant's representative responded that no scaffolds or braces had been placed around the room to hold the walls and the light fixtures because the defendant "didn't want the wires to be cut." Industrial Code (12 NYCRR) § 23-3.3(b)(3) and (c) are sufficiently specific to support a cause of action under Labor Law § 241(6) (see Bennett v SDS Holdings, 309 AD2d 1212, 1213). Moreover, under the circumstances presented, the defendant failed to demonstrate, prima facie, that these regulations were inapplicable to the facts of this case, that the regulations were applicable but not violated, or that the alleged violation of these regulations was not a proximate cause of the accident (see Simmons v City of New York, 165 AD3d 725, 729). In this regard, the defendant failed to establish, prima facie, that the hazard which allegedly caused the accident arose from the actual performance of the work, and not structural instability caused by the progress of the demolition (see Sierzputowski v City of New York, 14 AD3d 606, 607; Bald v Westfield Academy & Cent. School, 298 AD2d 881, 882; cf. Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885; Garcia v 225 E. 57th St. Owners, Inc., 96 AD3d 88, 92-93; Campoverde v Bruckner Plaza Assoc., L.P., 50 AD3d 836, 837). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241(6), regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Although the parties raise arguments regarding the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law [*3]§§ 240(1) and 241(6), the Supreme Court did not decide that cross motion in the order appealed from, and it remains pending and undecided (see Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 773; Katz v Katz, 68 AD2d 536, 542-543). Accordingly, we do not address those arguments.
We decline the defendant's request, made in its brief, to search the record and award it summary judgment dismissing the Labor Law § 240(1) cause of action.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court