■ Rudy Ortega, Appellant, v Everest Realty LLC et al., Respondents, et al., Defendant. [923 NYS2d 74]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered December 23, 2009, which, to the extent appealed from as limited by the briefs, granted the motion by defendants Everest Realty LLC and Sindrome Construction Inc. for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) causes of action as against them, modified, on the law, to deny the motion as to the Labor Law § 241 (6) cause of action and to grant plaintiff leave to amend his bill of particulars to assert violations of 12 NYCRR 23-3.3 (b) (3) and (c), and otherwise affirmed, without costs.

Plaintiff seeks damages for injuries he suffered while demolishing a shed on property owned by Everest in the course of a project on which Sindrome was the general contractor. Plaintiff testified that the unshored aluminum 12-foot wall of the shed fell onto him and caused him to cut his leg with the gas powered demolition saw he was using to cut through the aluminum. Plaintiff testified that before the accident occurred, he had told his supervisor he was afraid of cutting any further because "when I was cutting, the wall was like shaking and going to the side." His supervisor told him that he must continue the work. As the injury was brought about by the manner in which plaintiff performed his work and neither Everest nor Sindrome supervised or controlled plaintiff's work, plaintiff cannot recover from either of these defendants on his common-law negligence and Labor Law § 200 claims (*see Lombardi v Stout,*

80 NY2d 290, 295 [1992]; *Vaneer v 993 Intervale Ave. Hous. Dev. Fund Corp.*, 5 AD3d 161, 162-163 [2004]). Plaintiff contends that the cause of his accident was a workplace condition, to wit, an unshored or unbraced shed wall, rather than the method he used to demolish the wall. However, based on his testimony that, while he was cutting, the wall was shaking and moving sideways, it can be inferred that the existing condition necessitated a different method of demolishing the wall. Hence, the failure to alter plaintiff's method of performing his work was his employer's (*see Brown v VJB Constr. Corp.*, 50 AD3d 373, 377 [2008]).

The court erred, however, by dismissing the Labor Law § 241 (6) cause of action. Labor Law § 241 (6) requires that contractors and owners "provide reasonable and adequate protection and safety to the persons employed" in construction, excavation and demolition work. In order to prevail on a cause of action under Labor Law § 241 (6), a plaintiff must establish a violation of an implementing regulation which sets forth a specific standard of conduct (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-504 [1993]). There is no dispute that the Industrial Code sections upon which plaintiff relies here are sufficiently specific to support a Labor Law § 241 (6) claim. Further, there is an issue of fact as to whether defendants violated Industrial Code (12 NYCRR) § 23-1.12 (c) (1), cited by plaintiff in his bill of particulars, so as to render them liable under Labor Law § 241 (6). Section 23-1.12 (c) (1) requires that a power saw be equipped "with a movable self-adjusting guard below the base plate which will completely cover the saw blade to the depth of the teeth when such saw blade is removed from the cut." Notwithstanding defendants' argument, plaintiff's deposition testimony that the saw had very little cover on the bottom does not address the question of whether the saw was equipped in compliance with the Industrial Code.

Summary judgment was also improperly granted insofar as plaintiff sought to base his Labor Law § 241 (6) cause of action on alleged violations of two Industrial Code provisions not cited in his bill of particulars. Those sections are Industrial Code (12 NYCRR) § 23-3.3 (b) (3), which provides that "[w]alls, chimneys and other parts of any . . . structure shall not be left unguarded in such condition that such parts may fall, collapse or be weakened by wind pressure or vibration," and Industrial Code (12 NYCRR) § 23-3.3 (c), which provides: *"Inspection.* During hand demolition operations, continuing inspections shall be made by designated persons as the work progresses to detect any hazards to any person resulting from weakened or deterio-

rated floors or walls or from loosened material. Persons shall not be suffered or permitted to work where such hazards exist until protection has been provided by shoring, bracing or other effective means."

Preliminarily, while plaintiff identified these Code provisions only after filing the note of issue and in response to defendants' motion, defendants were not prejudiced by the delay. This is because the theory that the accident would not have occurred had the shed been properly inspected and shored was consistent with plaintiff's testimony and the allegations in the bill of particulars (see *Walker v Metro-North Commuter R.R.*, 11 AD3d 339, 340-341 [2004]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231 [2000]). Accordingly, we grant leave to plaintiff to amend his bill of particulars to allege the provisions.

Contrary to the dissent's view, an issue of fact exists as to whether these sections apply to the facts of this case. Plaintiff clearly testified that the aluminum wall was "shaking" before it fell. While the dissent apparently infers that this vibration was a direct effect of the saw cutting through the metal, the record also permits the alternative inference that the cutting had weakened the structure, causing it to vibrate and then fall. On a motion for summary judgment, we are required to draw all favorable inferences in favor of the nonmoving party (see *Liberty Ins. Underwriters Inc. v Corpina Piergrossi Overzat & Klar LLP*, 78 AD3d 602, 605 [2010]). If the latter scenario occurred, defendants violated the cited sections because there is no dispute that the wall was left "unguarded" during the demolition process (12 NYCRR 23-3.3 [b] [3]) and that defendants failed to make any inspections of the demolition work for the purpose of "detect[ing] any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material" (12 NYCRR 23-3.3 [c]). Defendants' reliance on *Smith v New York City Hous. Auth.* (71 AD3d 985 [2010]) is misplaced because in that case the record was clear that the hazard rose from the plaintiff's demolition work itself, not the structural instability caused by the progress of the demolition.

Finally, we note that reinstatement of the section 241 (6) claim, to the extent it relies on Industrial Code (12 NYCRR) § 23-3.3 (b) (3) and (c), would not be inconsistent with dismissal of plaintiff's Labor Law § 200 claim. For the latter section to apply in a case, such as this, arising out of the means and methods of the work, the defendants must have exercised their authority to control the work in which the plaintiff was engaged (see *Mitchell v New York Univ.*, 12 AD3d 200 [2004]). There is no evidence that defendants directed plaintiff's work in such a way

that it met that standard. However, liability pursuant to Labor Law § 241 (6) can attach regardless of such control (*see Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 300 [1978]). Concur—Mazzarelli, Friedman and Renwick, JJ.

Tom, J.P., and DeGrasse, J., dissent in part in a memorandum by DeGrasse, J., as follows: I respectfully dissent because I disagree with the majority's conclusion that plaintiff's Labor Law § 241 (6) cause of action can be premised on violations of Industrial Code (12 NYCRR) § 23-3.3 (b) (3) and (c). Plaintiff was injured while using a power saw to cut down the 12 foot aluminum wall of a shed. The wall collapsed while plaintiff was cutting it, causing him to cut his leg with the saw. As found by the majority, plaintiff's Labor Law § 200 and common-law claims were properly dismissed because the accident was brought about by the manner in which plaintiff performed his work, a matter beyond the control of the moving defendants, which are the owner and general contractor of the project (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]).

There is however an issue of fact as to whether the moving defendants violated Industrial Code (12 NYCRR) § 23-1.12 (c) (1) so as to render them liable under Labor Law § 241 (6). Section 23-1.12 (c) (1) requires that a power saw be equipped "with a movable self-adjusting guard below the base plate which will completely cover the saw blade to the depth of the teeth when such saw blade is removed from the cut." Notwithstanding defendants' argument, plaintiff's deposition testimony that the saw had very little cover on the bottom does not address the question of whether the saw was compliant with the Industrial Code.

Summary judgment was properly granted insofar as plaintiff sought to base his Labor Law § 241 (6) cause of action on alleged violations of Industrial Code (12 NYCRR) § 23-3.3 (b) (3) and (c), which apply to hand demolition operations. Section 23-3.3 (b) (3) provides that "[w]alls, chimneys and other parts of any building or other structure shall not be left unguarded in such condition that such parts may fall, collapse or be weakened by wind pressure or vibration" (*id.*). Section 23-3.3 (b) (3) is not implicated because the rule does not require the guarding of a wall while a worker is in the very act of cutting it down.

Moreover, section 23-3.3 (c) requires " 'continuing inspections against hazards which are created by the progress of the demolition work itself' rather than inspections of how demolition would be performed" (*Campoverde v Bruckner Plaza Assoc., L.P.*, 50 AD3d 836, 837 [2008] [citation omitted]). Plaintiff testified that "*when* [he] was cutting, the wall was like shaking and

going to the side" (emphasis added). This testimony makes it clear that, as in *Campoverde,* the "hazard which injured the plaintiff was the actual performance of the demolition work, not structural instability caused by the progress of the demolition" (*id.* at 837). Accordingly, I disagree with the majority insofar as it posits that the record permits an alternative inference. Accordingly, I would modify the court's order to the extent of denying defendants' motion for summary judgment on the Labor Law § 241 (6) cause of action except insofar as it is premised upon Industrial Code (12 NYCRR) § 23-1.12 (c) (1).