In the Matter of GREENWICH LEASING, LLC, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [937 NYS2d 605]—

We agree with the petitioner that, under the circumstances of this case, it was a denial of due process for the New York State

Division of Housing and Community Renewal (hereinafter the DHCR) to fail to provide it with copies of photographs taken by the DHCR's inspector and tenant responses to its petition for administrative review (hereinafter PAR), which the DHCR relied upon in denying the PAR on the ground that certain work which was claimed for a major capital improvement (hereinafter MCI) rent increase was performed in an unworkmanlike manner. In the context of a DHCR proceeding upon an MCI application, where the determination is based upon evidentiary submissions by the parties, "due process requires . . . that reasonable notice be afforded to the parties to a proceeding and that they have an opportunity to present their objection" (*Matter of Rubin v Eimicke*, 150 AD2d 697, 698 [1989]).

Here, the Rent Administrator denied the petitioner's request for a MCI rent increase for certain elevator cab work based on a statement in an inspector's report that it did not appear that a new elevator cab had been recently installed. In its PAR, the petitioner submitted proof rebutting that contention. By failing to provide the petitioner with the inspector's photographs and tenant responses to the PAR, the DHCR deprived the petitioner of the ability to present its objection to the claim, of which it was not on notice, that the work at issue was not done in a workmanlike manner.

Accordingly, the matter must be remitted to the DHCR to afford the petitioner an opportunity to present evidence pertinent to the claim that the work at issue was not performed in a workmanlike manner, and for a new determination thereafter on the PAR upon the DHCR's due consideration of any such evidence submitted by the petitioner. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.