■ In the Matter of RSL 53-55 E. 95TH LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [27 NYS3d 534]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 10, 2015, denying the petition brought pursuant to CPLR article 78 to vacate the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated September 5, 2014, which found that Bernadette Campbell was entitled to succeed to the rent-controlled apartment formerly occupied by her late father, unanimously affirmed, without costs.

DHCR's determination that Bernadette Campbell was entitled to succession rights was not arbitrary and capricious, and did not lack a rational basis (*see generally Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). Campbell established her right to succeed to the apartment as a family member (*see* NY City Rent and Eviction Regulations [9

NYCRR] § 2204.6 [d] [1]). Campbell's primary residency and cohabitation with her father for the requisite two-year period were established by her evidentiary submissions, including driver's licenses, tax returns and bank statements. DHCR's finding that the tenant of record, who died in a nursing home, only permanently vacated the apartment upon his death, as he intended to return to the apartment, had a rational basis.

It is undisputed that the courts and DHCR have concurrent jurisdiction to consider succession rights claims (*see Cox v J.D. Realty Assoc.*, 217 AD2d 179, 181 [1st Dept 1995]). It cannot be said that DHCR's retention of jurisdiction here was improper, where petitioner did not commence a holdover proceeding until more than a year after Campbell's filing of her application for succession rights, which application was being actively processed (*see Matter of Gardner v Division of Hous. & Community Renewal of State of N.Y.*, 166 Misc 2d 290, 294 [Sup Ct, Bronx County 1995]).

Petitioner's due process rights were not violated by DHCR's failure to hold a hearing. The record shows that petitioner was given a reasonable opportunity to be heard and took advantage of it by making its own evidentiary submissions (*see e.g. Matter of Bauer v New York State Div. of Hous. & Community Renewal*, 225 AD2d 410 [1st Dept 1996], *lv denied* 88 NY2d 805 [1996]). Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.