90 Elizabeth Apt. LLC, Petitioner-Landlord-Appellant,
against
Betty Eng and Steven Eng, Respondents-Occupants-Respondents.



Petitioner appeals from so much of an order of the Civil Court of the City of New York, New York County (Laurie L. Lau, J.), entered on or about July 6, 2016, as denied its motion for summary judgment on the holdover petition.




Per Curiam.
Order (Laurie L. Lau, J.) entered on or about July 6, 2016, insofar as appealed from, affirmed, without costs.
We agree with Civil Court that this holdover proceeding is not susceptible to summary disposition, since petitioner failed in its burden to demonstrate the absence of triable issues of fact with respect to respondents' family member succession defense (see New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6[d][3][i]). Giving respondents the benefit of every favorable inference (see Ortega v Everest Realty LLC, 84 AD3d 542, 545 [2011]), the record contains evidence that respondent Betty Eng, who was born in 1971, essentially lived in the apartment her entire life with her brother, respondent Steven Eng, as well as her mother and father, the original statutory tenants, until the latter were admitted into nursing homes in 2005 and 2010, respectively. Respondents' father died in 2012, and their mother, who suffered from Alzheimer's disease and had an article 81 guardian appointed on her behalf, surrendered tenancy rights in October 2015. The record also shows that respondents attempted to raise a succession claim in the context of a 2010 nonprimary residence proceeding commenced by petitioner, but that succession claim was held to be premature.
On these facts, petitioner has failed to demonstrate that respondents are not entitled to possession by virtue of their relationship to, and contemporaneous occupancy with their parents, the original tenants (see Matter of Herzog v Joy, 74 AD2d 372 [1980], affd 53 NY2d 821 [1981]). The fact that respondents' mother entered a nursing home in 2010, leaving her children in possession and, through her guardian, formally surrendered her tenancy rights several years later, does not, as a matter of law, render her children any less entitled to succession rights under the rent control law (see Matter of RSL 53-55 E. 95th LLC v New York State Div. of Hous. & Community Renewal, 137 AD3d 572 [2016]; Matter of Herzog v Joy, 74 AD2d at 376; Matter of Goodman v Ross, 274 App Div 811 [1948]; see also Golden Mtn. Realty Inc. v Severino, 47 Misc [*2]3d 141[A], 2015 NY Slip Op 50623[U] [App Term, 1st Dept 2015]). There is no dispute that respondents primarily resided in the apartment with the tenants as part of the family unit for decades until the tenants moved out. Nor is there any claim or showing that respondents' occupancy was a subterfuge to protect their mother's continued possession (see Matter of Herzog v Joy, 74 AD2d at 376; cf. Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533 [2012] [rent stabilized tenant continued to pay rent and execute renewal leases after vacating the apartment]; Claridge Gardens v Menotti, 160 AD2d 544 [1990]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 23, 2017