Matter of 865 First LLC v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 06312)

Matter of 865 First LLC v New York State Div. of Hous. & Community Renewal

2022 NY Slip Op 06312

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 160031/20 Appeal No. 16632 Case No. 2021-02853 

[*1]In the Matter of 865 First LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Respondents-Respondents.

The Law Offices of Jordan M. Hyman, PLLC, Rockville Centre (Jordan M. Hyman of counsel), for appellant.
Mark Palomino, Office of Legal Affairs, New York (Russell Cirincione of counsel), for New York State Division of Housing and Community Renewal, respondent.
McLaughlin & Stern, LLP, Garden City (Andrew J. Luskin of counsel), for Tarajia Morrell, respondent.

Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about June 21, 2021, denying the petition brought pursuant to CPLR article 78 to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated October 1, 2020, which denied landlord's petition for administrative review (PAR) and affirmed an order of the Rent Administrator, dated June 22, 2020, determining that respondent Tarajia Morrell was entitled to rent-stabilized succession rights to the apartment formerly occupied by her parents, unanimously affirmed, without costs.
Morrell moved into the apartment in or about September 2016. She lived there with the tenants of record, her parents, for over three years. During this period, Morrell's parents commuted between the apartment and a house in Dutchess County. On August 5, 2019, Morrell's parents wrote to petitioner that they intended to vacate the apartment and for Morrell to succeed. On August 11, 2019, they sent to petitioner a copy of the form they had submitted to DHCR regarding Morrell's succession. In response, on August 23, 2019, petitioner served a notice of lease non-renewal on Morrell's parents. The parents vacated the apartment on November 30, 2019. Shortly thereafter, on December 5, 2019, Morrell filed a complaint with DHCR asserting succession rights. On December 7, 2019, petitioner filed a holdover petition in Civil Court against Morrell and her parents, asserting that the apartment was not the primary residence of the tenants of record. On January 13, 2020, petitioner answered Morrell's complaint only by submitting a copy of its holdover petition.
On June 22, 2020, the DHCR Rent Administrator determined that Morrell had resided with the tenants of record for two years preceding the date they vacated the apartment and, therefore, was entitled to a lease in her own name. Petitioner sought administrative review — arguing, inter alia, that the Covid-19 pandemic prevented it from supplementing its original answer — which was denied. It then commenced the instant article 78 proceeding. Supreme Court denied the petition and dismissed the proceeding, finding that DHCR's decision was not arbitrary and capricious.
DHCR's determination of Morrell's succession claim, while a holdover proceeding raising the same claim was pending before the Housing Court, was not made in violation of lawful procedure and did not violate petitioner's due process rights. DHCR and the courts have concurrent jurisdiction to consider succession claims (Matter of RSL 53-55 E. 95th LLC v New York State Div. of Hous. & Community Renewal, 137 AD3d 572, 573 [1st Dept 2016]; Cox v J.D. Realty Assoc., 217 AD2d 179, 181 [1st Dept 1995]), and DHCR properly exercised jurisdiction over the claim here, as Morrell filed her DHCR complaint before petitioner commenced its holdover proceeding (see RSL 53-55 E. 95th LLC, 137 AD3d at 573). Contrary to petitioner's contention, the holdover [*2]proceeding was not commenced by petitioner's service of its notice of nonrenewal upon the tenants of record in August 2019, but rather, by its filing of the holdover petition and notice of petition in Housing Court in December 2019 (see Real Property Actions and Proceedings Law § 731 [1]; Rent Stabilization Code [RSC] § 2524.4 [c]). Petitioner cannot argue that its due process rights were violated by DHCR's determination of the succession claim without first permitting petitioner to proceed with discovery in the holdover proceeding where petitioner never sought a stay of the DHCR proceeding. Further, due process requires only that "reasonable notice be afforded to the parties to a proceeding and that they have an opportunity to present their objection" (Matter of Greenwich Leasing, LLC v Division of Hous. & Community Renewal, 91 AD3d 949, 950 [2d Dept 2012] [internal quotation marks omitted]). Here, petitioner was afforded notice of Morrell's succession claim and an opportunity to object, but failed to submit any evidence to refute the claim, despite having over six months to do so.
DHCR's denial of the PAR and affirmance of the Rent Administrator's determination that Morrell was entitled to rent-stabilized succession rights to the subject apartment was neither arbitrary nor capricious. Morrell demonstrated her succession rights to the apartment by submitting (among other things) her tax returns, driver's license, and voter records. Petitioner did not proffer any evidence to refute Morrell's succession claim in response. The submitted records established that Morrell "resided with the tenant in the housing accommodation as a primary residence for a period of no less than two years . . . immediately prior to the permanent vacating of the housing accommodation by the tenant" (RSC 2523.5 [b] [1]; see also § 2520.6 [u]).
The fact that Morrell's parents maintained a home in Dutchess County was immaterial, as the evidence established that Morrell resided with them during their time in the apartment. The statutory text requires only that the succession applicant must reside in the apartment as a primary residence (see Mexico Leasing, LLC v Jones, 45 Misc 3d 127[A], 2014 NY Slip Op 51456[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Third Lenox Terrace Assoc. v Edwards (91 AD3d 532 [1st Dept 2012]) is factually inapposite, because in that case, the tenant ceased to reside with the succession applicant more than the two years before permanently vacating the premises. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022