## Giaramita v Warner Bros. Entertainment Inc.

2024 NY Slip Op 32405(U)

July 12, 2024

Supreme Court, New York County

Docket Number: Index No. 154397/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**      PART         47

*Justice*

-------------------------------------------------------------------------------X

MICHAEL GIARAMITA, DAISY GIARAMITA,

            Plaintiffs,

       - v -

WARNER BROS. ENTERTAINMENT INC.,THE O'MARA
ORGANIZATION INC.,1325 AVENUE OF THE AMERICAS,
L.P., THE CW NETWORK, LLC,

            Defendants.

-------------------------------------------------------------------------------X

THE O'MARA ORGANIZATION INC.

            Plaintiff,

       -against-

JOHN MICHAEL INTERIORS, INC.

            Defendant.

-------------------------------------------------------------------------------X

WARNER BROS. ENTERTAINMENT INC., 1325 AVENUE OF
THE AMERICAS, L.P.

            Plaintiffs,

       -against-

THE CW NETWORK, LLC

            Defendant.

-------------------------------------------------------------------------------X

INDEX NO.     154397/2020

MOTION DATE     02/23/2024

MOTION SEQ. NO.     002

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595755/2020

Second Third-Party
Index No. 595441/2021

The following e-filed documents, listed by NYSCEF document number (Motion 002) 139, 140, 141, 142,
143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163,
164

were read on this motion to/for        JUDGMENT - SUMMARY        .

In this personal injury Labor Law action Defendants / Second Third-Party Plaintiffs

WARNER BROS. ENTERTAINMENT ("Warner Bros.") and 1325 AVENUE OF THE

**154397/2020 GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT
Motion No. 002**

**Page 1 of 10**

1 of 10

[* 1]

AMERICAS, L.P. ("1325") move pursuant to CPLR § 3212 for summary judgment dismissing the plaintiff's complaint as against Warner Bros. and 1325, together with all cross-claims and counter claims against them. They further move for an order granting them summary judgment for their common law indemnity cross-claim as against THE O'MARA ORGANIZATION INC. (O'Mara). Plaintiffs, O'Mara, and Third-Party Defendant JOHN MICHAEL INTERIORS, INC. ("JMI") oppose the motion.

Plaintiff, Michael Giaramita alleges four causes of action against Warner Bros. and 1325 for common law negligence (1st) and violation of Labor Law §§ 200 (2nd), 240 (3rd) and 241 (4th). Plaintiff, Daisy Giaramita, alleges an additional cause of action for expenses and loss of services of her husband Michael Giaramita.[1]

## BACKGROUND

On the date of plaintiff's incident, January 15, 2019, 1325 owned the building located at 1325 Sixth Avenue, New York, New York ("the Premises") and leased the 32nd floor to Warner Bros. (NYSCEF Doc No 141 ¶ 34 – 35). Second-Third Party Defendant, THE CW NETWORK, LLC ("The CW"), an entity which was part of a joint venture with Warner Bros., occupied part of the 32nd floor along with Warner Bros. (NYSCEF Doc No 149 at 15:6 – 15:11). The CW was a subtenant of Warner Brothers at the time of the incident (NYSCEF Doc No 151 at 20:25 – 21:8). The CW hired O'Mara to be the general contractor for a construction project on the 32nd floor (NYSCEF Doc No 140 ¶ 7 – 8). O'Mara hired JMI to perform carpentry work on the project (*id* at ¶ 10).

At the time of the incident plaintiff was employed as a carpenter foreman for JMI (*id*. at ¶ 6). Plaintiff testified that while he was walking on the 32nd floor from one part of the job site to

---

[1] For the purposes of this decision and order, references to plaintiff are to Michael Giaramita.

**154397/2020   GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No.  002**

**Page 2 of 10**

2 of 10

[* 2]

another, he tripped over on an edge of Masonite cardboard flooring which was not marked or taped to the ground (*id*. at ¶ 2). Plaintiff testified that as a result of the fall he suffered numerous injuries requiring treatment which forced him into an early retirement (NYSCEF Doc No 146 ¶ 8 – 15).

## DISCUSSION

*Summary Judgment Standard*

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of

**154397/2020   GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No.  002**

**Page 3 of 10**

3 of 10

fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

*Labor Law § 200 and Common Law Negligence*

Warner Bros. and 1325 argue that plaintiff's Labor Law § 200 and common law negligence claims must be dismissed because they did not control the "means and methods" of plaintiff's work. Plaintiff, JMI, and O'Mara oppose arguing that the plaintiff's claim indicates a "dangerous condition" theory of liability and that Warner Bros. and 1325 have not demonstrated a lack of actual or constructive notice of the alleged defect.

Labor Law § 200(1) states that:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons. The board may make rules to carry into effect the provisions of this section.

"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2d Dept 2008]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (*id*. at 61). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*id*.). In contrast for a claim arising "out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had … unless it is shown that the party to be

**154397/2020  GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No.  002**

**Page 4 of 10**

4 of 10

[* 4]

charged had the authority to supervise or control the performance of the work" (*id*.). Further, "no liability will attach to the owner solely because it may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD2d 611, 611 [2d Dept 2003]).

"Where a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor Law § 200 is one for means and methods and not one for a dangerous condition existing on the premises" (*Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 406 [1st Dept 2018]). When the defect which causes an injury is a temporary piece of equipment then the means and methods analysis is proper (see *Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139 [1st Dept 2012] [finding that a protruding bolt which was not removed after a temporary installation was removed was not a "defect inherent in the policy" and a means and method analysis was used]). "[M]ere general supervisory authority at a worksite for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (*Ortega*, 57 AD3d at 62).

Here, the Masonite flooring (temporary flooring placed to protect the exiting flooring while construction was ongoing) which allegedly caused plaintiff's injury was a temporary piece of equipment, and not an inherent flaw in the structure. Therefore, the proper analysis of the Labor Law § 200 and common law negligence claim is a "means and methods" analysis. O'Mara was exclusively responsible for placing, securing, cleaning, and maintaining the Masonite flooring which plaintiff allegedly tripped on (NYSCEF Doc 150 at 18:18 – 18:24; 22:23 – 23:9; 79:6 – 79:17). Warner Bros. and 1325 submit deposition testimony that they did not direct, control, or supervise the work being performed at the premises (NYSCEF Doc No 148 at 33:6 – 33:23; NYSCEF Doc No 149 at 36:15 – 37:7; NYSCEF Doc 150 at 60:8 – 60:23). Further, it was

**154397/2020   GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No.  002**

**Page 5 of 10**

5 of 10

The CW and not Warner Bros. or 1325 who contracted with O'Mara to perform the work which allegedly caused plaintiff's injuries (NYSCEF Doc No 150 at 36:13 – 37:13).

Therefore, Warner Bros. and 1325 have submitted sufficient evidence that they did not control the means or methods of either O'Mara or JMI's work and thus cannot be held liable under a means and methods theory of recovery. Plaintiff, O'Mara, and JMI failed to produce evidentiary proof that refutes Warner Bros. and 1325's prima facie showing.

Accordingly, plaintiff's Labor Law § 200 claim as against Warner Bros. and 1325 will be dismissed. Further, since a common law negligence claim is duplicative of a Labor Law § 200 claim the common law negligence claim will also be dismissed.

*Labor Law § 240*

Warner Bros. and 1325 argue that plaintiff's Labor Law § 240 claim must be dismissed because the alleged injury did not occur as a result of an elevation related hazard. Plaintiff does not submit any opposition to this portion of the motion.

"Labor Law § 240(1) imposes on owners, general contractors and their agents a nondelegable duty to provide safety devices to protect against elevation-related hazards on construction sites, and they will be absolutely liable for any violation that results in injury regardless of whether they supervised or controlled the work" (*Ragubir v Gibraltar Mgt. Co.*, Inc., 146 AD3d 563, 564 [1st Dept 2017]). "[T]he absence of a causal nexus between the worker's injury and a lack or failure of a device prescribed by section 240 (1) mandate[s] a finding against liability" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 9 [2011]).

Here, the alleged injury did not occur due to an "elevation-related hazard." Plaintiff alleges that he tripped over Masonite flooring which did not involve a change in elevation that results in Labor Law § 240(1) liability. Additionally, plaintiff does not allege that the injury

**154397/2020   GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No.  002**

**Page 6 of 10**

6 of 10

[* 6]

occurred due to the lack or failure of a safety device, and the Masonite flooring is not an enumerated device within the statute.

Accordingly, plaintiff's Labor Law § 240(1) claim as against Warner Bros. and 1325 will be dismissed.

*Labor Law § 241(6)*

Warner Bros. and 1325 argue that plaintiff's Labor Law § 241(6) claim must be dismissed because none of the Industrial Code violations cited by plaintiff support his claim. Plaintiff argues that Industrial Code § 23-1.5(c)(3) states a specific concrete command and therefore allows for liability under Labor Law § 241(6).

Labor Law § 241(6) states:

> All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.

"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Ochoa v JEM Real Estate Co., LLC*, 223 AD3d 747, 749 [2d Dept 2024]). "To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident" (*id.*). While, for a Labor Law § 200 claim "arising out of the means and methods of the work, the defendants must have exercised their

**154397/2020   GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No.  002**

**Page 7 of 10**

7 of 10

[* 7]

authority to control the work in which the plaintiff was engaged … liability pursuant to Labor Law § 241(6) can attach regardless of such control" (*Ortega v Everest Realty LLC*, 84 AD3d 542, 545 [1st Dept 2011]).

A plaintiff is required to establish a breach of a provision of the Industrial Code, which gives a specific, positive command (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]). A provision of an industrial code which gives "a general directive … cannot serve as a predicate for liability under Labor Law § 241(6)" (*Garcia v 95 Wall Assoc., LLC*, 116 AD3d 413, 413 [1st Dept 2014]).

Plaintiff's Bill of Particulars lists §§ 23-1.5, 23-1.7, 23-1.8, 23-1.21, and 23-2.3 as the predicate Industrial Code sections underlying his Labor Law §241(6) cause of action. However, in his opposition to this motion he only argues the applicability of one Industrial Code provision. Plaintiff cites to Industrial Code § 23-1.8, however the text which he quotes in his opposition is the text from Industrial Code § 23-1.5(c)(3). As plaintiff does not oppose dismissal of his Labor Law § 241(6) claims based upon any alleged violations other than Industrial Code § 23-1.5(c)(3), those claims will be dismissed as abandoned as against Warner Bros. and 1325 (See *Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 475 [1st Dept 2012] ["Where a defendant so moves, it is appropriate to find that a plaintiff who fails to respond to allegations that a certain section is inapplicable or was not violated be deemed to abandon reliance on that particular Industrial Code section."]).

Industrial Code § 23-1.5(c)(3) requires that: "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged" (*see* 12 NYCRR 23-1.5[c][3]). Warner Bros. and 1325 argue that this regulation is too general to impose liability. However, because

**154397/2020 GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No. 002**

**Page 8 of 10**

8 of 10

[* 8]

Section § 23-1.5 "'prohibits the use of equipment which is not in good repair and in safe working condition' … the directive [that] … 'equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged'" it can provide a basis for liability under Labor Law § 241(6) (*Becerra v Promenade Apartments Inc.*, 126 AD3d 557, 559 [1st Dept 2015]). However, the Masonite flooring is not a safety device, a safeguard, or form of equipment within the meaning of this provision which refers to equipment intended to offer safety protection (See *Velasquez v RS JZ Driggs LLC*, 2023 N.Y. Slip Op. 30114[U] [N.Y. Sup Ct, Kings County 2023]).

Accordingly, plaintiff's Labor Law § 241(6) claim as against Warner Bros. and 1325 will be dismissed.

*Common Law Indemnity*

Warner Bros. and 1325 argue they are entitled to summary judgment on their common law indemnity claim against O'Mara because O'Mara directed, supervised, and controlled the work which caused the alleged injury. O'Mara opposes arguing that this portion of the motion is premature as there has been no finding that O'Mara was negligent or that it had exclusive control over the work site.

"To establish a claim for common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (*Perri v Gilbert Johnson Enterprises, Ltd.*, 14 AD3d 681, 684-85 [2d Dept 2005]). Where as here, "the proposed indemnitee's liability is purely statutory and vicarious, conditional summary judgment for common-law indemnification against a proposed indemnitor is premature absent proof, as a matter of law, that the proposed indemnitor was either

**154397/2020   GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No.  002**

**Page 9 of 10**

9 of 10

negligent or exclusively supervised and controlled plaintiff's work site" (*id.* at 685 [2d Dept 2005]).

While Warner Bros and 1325's liability, if any is purely statutory and vicarious, they are not entitled to summary judgement against O'Mara as they have not established that O'Mara was either negligent or exclusively supervised and controlled plaintiff's work site. Therefore, summary judgment on the common law indemnification claim will be denied.

Accordingly it is,

ORDERED that the portion of Warner Bros. and 1325's motion for summary judgment dismissing plaintiff's Labor Law § 200, common law negligence, Labor Law § 240, and Labor Law § 241(6) causes of action is granted and those claims will be dismissed as against them; and it is further

ORDERED that the portion of Warner Bros. and 1325's motion seeking summary judgment on its cross-claim for common law indemnification as against O'Mara is denied.

20240712124858PG0ETZI5C5CD1128CEA4BE5885F6931CFD15C81

__7/12/2024__
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | □ DENIED | X | GRANTED IN PART | □ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154397/2020   GIARAMITA, MICHAEL vs. WARNER BROS. ENTERTAINMENT**
**Motion No.  002**                                                      **Page 10 of 10**

10 of 10

[* 10]