| **Rodriguez v FGI Corp.** |
| 2024 NY Slip Op 34151(U) |
| November 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157850/2021 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. J. MACHELLE SWEETING**

*Justice*

-------------------------------------------------------------------------------X

ANTONIO RODRIGUEZ,

Plaintiff,

- v -

FGI CORPORATION, WEST NEW YORK RESTORATION OF CT, INC.,[1] THE CITY OF NEW YORK, and NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 62 |
| INDEX NO. | 157850/2021 |
| MOTION DATE | 05/21/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 73, 74

were read on this motion to/for        JUDGMENT - SUMMARY        .

In this action, plaintiff alleges that he sustained injuries to his leg when the demolition saw he used while engaged in a construction project for defendants "'moved to the side and grabbed [his] pants'" (NYSCEF Doc. No. 52 [Plaintiff's Statement of Material Facts], ¶ 21, quoting NYSCEF Doc. No. 56 [50-h transcript], p 18 lines 10-11). Defendants the City of New York and the New York City Department of Parks and Recreation (collectively, "the City") own the worksite, Carl Schurz Park, and defendant FGI Corporation ("FGI") allegedly managed the project. Plaintiff alleges that it was common knowledge that the saw was defective. Moreover, plaintiff's foreman and his supervisor allegedly worked to repair the defects and informed plaintiff of this fact. Plaintiff contends that the City inspector "was occasionally present . . . while these repairs were taking place" and therefore had knowledge of the problems (NYSCEF Doc. No. 52,

---

[1] By prior stipulation, plaintiff discontinued the action without prejudice as against defendant West New York Restoration of CT, Inc. (NYSCEF Doc. No. 17). The caption shall be amended to reflect the discontinuance.

**157850/2021   RODRIGUEZ, ANTONIO vs. FGI CORPORATION ET AL**          **Page 1 of 9**
  **Motion No.  002**

[* 1]

INDEX NO. 157850/2021
RECEIVED NYSCEF: 11/25/2024

¶ 30). Finally, plaintiff asserts that a week prior to the accident, he spoke with his foreman about his problems in using the saw. Plaintiff's first cause of action, against FGI and the City, alleges common law negligence. The second cause of action asserts violations of Labor Law § 200. Under the third cause of action, plaintiff alleges violations of Labor Law § 240. Fourth, plaintiff asserts that defendants violated provisions of the Industrial Code of the State of New York ("Industrial Code") and, as such, are liable under Labor Law § 241 (6) (*see* NYSCEF Doc. No. 57 [Summons and Complaint]).

Plaintiff now moves for summary judgment in his favor on the fourth cause of action. At the time this motion had been filed, plaintiff had been deposed but defendants' depositions were outstanding. According to plaintiff's counsel, "[d]espite remaining discovery, the evidence is already clear that the City, as owner of the property where Rodriguez was working, is liable under § 241(6) for any of Rodriguez's injuries which arose from violations of provisions of the Industrial Code on the worksite" (NYSCEF Doc. No. 54, ¶ 8). He argues that additional discovery, at best, could reveal comparative negligence on his part, but will not alter the finding that the City is liable. Citing *Rodriguez v City of New York* (31 NY3d 312 [2018]), for the principle that, in comparative negligence cases, plaintiffs do not bear the burden of "establish[ing] the absence of their own comparative negligence." Further, he states that plaintiff was not contributorily negligent, as he used the only demolition saw available and comported with all the guidelines.

In support of his motion, plaintiff relies on his deposition testimony in which he explained that when the demolition saw was turned off, it was "supposed to start moving slowly," but that here, when he "stop[ped] giving gas, the blade continued moving fast" (NYSCEF Doc. No. 53 [Mem in Support], *6, quoting NYSCEF Doc. No. 60, p 25 lines 11-12, p 26 lines 7-8). He also

cites to the Cut-off Machine Safety Manual, which includes instructions for the use of the saw (NYSCEF Doc. No. 62, *9-40 [Exhibit 1]). At page 5, the manual states that individuals should

> "[n]ever use circular saw blades, carbide tipped blades, rescue blades, wood-cutting blades or toothed blades of any nature. They can cause severe personal injury from blade contact, thrown objects and/or reactive forces, including kickback."

Plaintiff contends that he was not provided with a copy of the manual.

According to plaintiff, these details show that the City violated the Industrial Code in several respects, and thus is liable under Labor Law § 241 (6). In support, plaintiff submits the expert affidavit of Anthony Corrado, a construction safety professional (NYSCEF Doc. No. 61). Corrado reviewed all documents available, the applicable codes and regulations, a video of the allegedly defective saw at the accident scene, and a diagram of the accident scene (*id.* at ¶ 6). After his review of the facts and evidence, Corrado stated that, "within a reasonable degree of professional certainty in construction safety, . . . the defendants—the City of New York, and New York City Department of Parks and Recreation—failed to provide and ensure a safe working environment, and that these failures led, directly and proximately, to the accident and subsequent injuries suffered by Mr. Rodriguez" (*id.* at ¶ 17).

More specifically, he cites to Industrial Code (12 NYCRR) §§ 23-1.5 (c) (3), which states that safety devices, safeguards, and equipment should remain "sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged"; 23-9.2 (a), which states that "power-operated equipment shall be maintained in good repair and in proper operating condition at all times," that the equipment should be inspected with "adequate frequency . . . to insure such maintenance," and that any defects or unsafe conditions "shall be corrected"; and, 23-1.12 (c) (1), which mandates that:

> "portable, power-driven, hand operated saw[s] . . . shall be equipped with a fixed guard above the base plate which will completely protect the operator from contact with the saw blade when the saw is operating and with a movable self-adjusting guard . . . which will completely cover the saw blade to the depth of the teeth when such saw blade is removed from the cut."

Plaintiff contends that these violations create liability under the Labor Law. Citing *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 505 [1993]), plaintiff notes that Labor Law § 241 (6) applies when a defendant violates a specific requirement of the Industrial Code. Further, he notes that the duty is not delegable – even here, where the City, as owner, was not in control of the worksite – and that in most situations, neither actual nor constructive notice is necessary.

Plaintiff contends that the provisions at issue here are sufficiently specific to impose liability under Labor Law § 241 (6). He cites *Becerra v Promenade Apts. Inc.* (126 AD3d 557, 558 [1st Dept 2015]), for the proposition that the third sentence of 12 NYCRR § 23-1.5 (c) (3) supports a Labor Law § 241 (6) violation. Under *Misicki v Caradonna* (12 NY3d 511, 520-521 [2009]), he states, the Court of Appeals found that 12 NYCRR § 23-9.2 (a) also is sufficiently specific to support a claim. Plaintiff notes that the provision applies to power-operated machinery such as the one at issue, and that actual notice is necessary under this provision. Plaintiff cites to both his deposition testimony and his affidavit, which state that a City inspector whom he called "Yankee" was on site when the accident occurred, and that the inspector had observed the attempts to repair the defective saw on prior occasions (NYSCEF Doc. No. 60, p 18 lines 5-23, p 24 lines 10-12; NYSCEF Doc. No. 62, ¶ 9). Finally, he cites *Ortega v Everest Realty LLC* (84 AD3d 542, 544 [1st Dept 2011]), among other cases, in support of his position that 12 NYCRR § 23-1.12 (c) (1) also supports a Labor Law § 241 (6) claim. Plaintiff further notes that, as in the case at hand, *Ortega* involved an allegedly defective demolition saw.

157850/2021   RODRIGUEZ, ANTONIO vs. FGI CORPORATION ET AL
  Motion No.  002

Page 4 of 9

4 of 9

In its opposition, the City contends that summary judgment is premature – among other things, because there has not been a deposition of the City (NYSCEF Doc. No. 67, ¶ 7, citing, *inter alia*, *241 Fifth Ave. Hotel, LLC v GSY Corp.*, 110 AD3d 470, 472 [1st Dept 2013]). It also argues that, given the fact that plaintiff's employer, Conway Marine Construction Inc. ("Conway"), was the entity that directly instructed him, discovery from Conway is critical.[2]  The City stresses that in support his  motion, plaintiff relies on his own self-serving statement as to, *inter alia*, whether he was provided with the safety manual. According to the City, discovery is necessary to determine whether proper procedures existed and whether the employees received proper training concerning the use of the demolition saw. Otherwise, the City intimates, it will be deprived of the opportunity to evaluate plaintiff's expert's opinions. The City additionally challenges the expert affidavit, stating that because Corrado did not inspect the equipment his opinion about its defects is merely speculative.

In addition, the City argues that plaintiff has not established his right to summary judgment as to the alleged Industrial Code violations. The City cites *Cordeiro v TS Midtown Holdings, LLC* (87 AD3d 904, 906 [1st Dept 2011]) for the proposition that 12 NYCRR §  23-1.5 is too general to support a Labor Law § 241 (6) claim, and it contends that the subsection on which plaintiff relies, 12 NYCRR § 23-1.5 (c) (3), also is too general a provision because "no specific guidelines for the subject machine can be derived from this subdivision" (NYSCEF Doc. No. 67, ¶ 12).

---

[2] The City also states that discovery of the contract between itself and Conway is necessary, but presumably the City has access to its own contract.

**157850/2021   RODRIGUEZ, ANTONIO vs. FGI CORPORATION ET AL**                 **Page 5 of 9**
 **Motion No.  002**

[* 5]

Regarding 12 NYCRR § 23-9.2 (a), the City argues that because plaintiff did not include the provision in his bill of particulars, it is prejudicial to consider it at this juncture. Further, the City notes that notice is a requirement, and plaintiff relies on his own self-serving statements, and Corrado's speculations, to support his allegation that the City had notice. At a minimum, the City contends that the deposition of "Yankee," the City inspector, is necessary on the issue of notice.

The City next challenges its liability under 12 NYCRR § 23-1.12 (c) (1). Although Corrado concludes that the saw did not have the mandated guards, the City stresses that Corrado did not examine the saw. The City argues that plaintiff failed to provide any evidence other than his own testimony concerning the guards, and that additional discovery is necessary as to the condition of the blade and the precautions and standards of plaintiff's employer, Conway.

In reply,[3] plaintiff argues that discovery is unnecessary, because liability stems from the Industrial Code provisions regardless of fault, discovery is unnecessary. Plaintiff cites *Graybill v City of New York* (2003 NY Slip 0p 51078 [U], *3 [Sup Ct, NY County 2003]) for the principle that regardless of the City's involvement with the project, it is vicariously responsible for the acts of the general contractors and the subcontractors. Accordingly, plaintiff argues, Conway's security measures and safety training, its knowledge of the condition of the saw, and any other discovery relating to Conway, are all irrelevant to the issue of the City's liability. Plaintiff also states that there is no merit to the City's argument that the motion is premature. Plaintiff notes that such argument requires a sufficiently specific showing that discovery critical to the defense of the motion is outstanding – and that, in addition, the opponent of the motion must show that the discovery is not in its possession. Here, plaintiff points out that the inspector is a City employee

_____

[3] Plaintiff's reply was filed five days late, on July 8, 2024, instead of on the July 3, 2024 deadline. In the absence of any objection, and given the brief delay in filing, this court considers the reply.

**157850/2021 RODRIGUEZ, ANTONIO vs. FGI CORPORATION ET AL** **Page 6 of 9**
 **Motion No. 002**

and yet the City did not obtain an affidavit from the inspector or other evidence in support of its opposition. Further, plaintiff states that the alleged outstanding discovery is not critical to the resolution of the issues because, as it is the owner of the park, the activities and duties of plaintiff's employer, Conway, are irrelevant to the City's liability.

Additionally, plaintiff contends that he has provided sufficient evidentiary support for his Industrial Code claims. Contrary to the City's position, plaintiff argues that the Corrado affidavit is credible and is not biased, because plaintiff identified the photograph on which Corrado relies in his analysis. As for the individual violations alleged, plaintiff first states that the City's argument that NYCRR § 23-1.5 (c) (3) is too general to support a claim is inconsistent with the prevailing law. Plaintiff argues that the City's contention that there is insufficient evidence to grant judgment on plaintiff's NYCRR § 23-1.12 (c) (1) claim, which relates to the guard requirement, lacks merit because there were no guards. He claims that although he did not mention guards as a contributing factor in his accident, this does not preclude him from raising the argument, because it was the lack of a guard that is at issue here. Plaintiff contends that it was reasonable for Corrado to rely on plaintiff's statement that there was "worksite-wide awareness of the saw's defects" in reaching his conclusions (NYSCEF Doc. No. 73, ¶ 9).

Finally, in response to the City's argument that plaintiff's reliance on NYCRR 23-9.2 (a), is misplaced, because plaintiff did not plead this violation in his bill of particulars, plaintiff filed an amended Bill of Particulars (NYSCEF Doc. No. 72). Plaintiff argues that the amendment is timely, because the note of issue has not yet been filed. Further, plaintiff states, arguendo, that even if the note of issue had been filed, the amendment would be proper because the claim is meritorious and the addition is not prejudicial (NYSCEF Doc. No. 73, ¶ 45, quoting *Gonzalez v City of New York*, 227 AD3d 958, 961 [2d Dept 2024]).

157850/2021   RODRIGUEZ, ANTONIO vs. FGI CORPORATION ET AL
Motion No. 002

Page 7 of 9

[* 7]

7 of 9

Plaintiff correctly argues that the duties at issue here, namely, to repair/restore or remove defective equipment from the job site; to maintain and regularly inspect power-operated equipment; and to provide a fixed guard and a movable self-adjusting guard on portable, power-driven, hand-operated saws – are not delegable (*see Toussaint v Port Auth. of N.Y. & N.J.*, 38 NY3d 89, 93 [2022]). However, whereas here, the primary evidence on which plaintiff relies consists of plaintiff's own 50-h hearing testimony, his deposition, and his affidavit, such self-serving statements are insufficient to support a motion for summary judgement (*see Deephaven Distressed Opportunities Tradings, Ltd. v 3V Capital Master Fund Ltd.*, 100 AD3d 505, 506-507 [1st Dept 2012]). Further, plaintiff has submitted no objective evidence that the saw was defective (compare with *Alameda-Cabrera v Noble Elec. Contr. Co., Inc.*, 117 AD3d 484, 485-486 [1st Dept 2014] [summary judgment granted where plaintiff established that miter saw had neither a protective guard nor a vise clamp]). The expert relies on evidence including a video that is not part of this motion (*see generally* NYSCEF Doc. No. 61), and the photograph annexed to plaintiff's affidavit (NYSCEF Doc. 62, *42) does not prove that the saw was defective or that it did not slow down when an individual turned it off. The incident report that plaintiff submits, moreover, merely states that plaintiff "cut his knee while performing joint repair" and thus is inconclusive (NYSCEF Doc. No. 64).

As the City notes, the parties have not held depositions of the City inspector or any of the witnesses to the accident.

**157850/2021   RODRIGUEZ, ANTONIO vs. FGI CORPORATION ET AL**          **Page 8 of 9**
  **Motion No.  002**

[* 8]

8 of 9

Accordingly, it is hereby

**ORDERED** that the motion is denied without prejudice with leave to re-file upon the completion of relevant discovery; and it is further

**ORDERED** that the caption is amended to remove the West New York Restoration of CT, Inc. as a named defendant in this action; and it is further

**ORDERED** that the caption shall read as follows:

---

ANTONIO RODRIGUEZ,

        Plaintiff,                    Index No. 157850/2021

    -against-

FGI CORPORATION, THE CITY
OF NEW YORK, and NEW YORK CITY
DEPARTMENT OF PARKS AND
RECREATION,

        Defendants.

---

The Clerk is directed to change the caption accordingly, and the parties are directed to use the amended caption going forward.

| 11/25/2024 | | | |
|---|---|---|---|
| **DATE** | | **J. MACHELLE SWEETING, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157850/2021   RODRIGUEZ, ANTONIO vs. FGI CORPORATION ET AL
  Motion No.  002

Page 9 of 9

9 of 9

[* 9]