75-89 Wadsworth Terrace LLC v Vines (2025 NY Slip Op 50876(U))

[*1]

75-89 Wadsworth Terrace LLC v Vines

2025 NY Slip Op 50876(U)

Decided on May 22, 2025

Civil Court Of The City Of New York, New York County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through June 03, 2025; it will not be published in the printed Official Reports.

Decided on May 22, 2025
Civil Court of the City of New York, New York County

75-89 Wadsworth Terrace LLC, Petitioner,

against
Gabrielle Vines, John Doe, Jane Doe, Respondents.

Index No. L&T 319408/24

Zhihua Qiao, Esq.
Robert Ehrlich, Esq.
Lazarus Karp Ehrlich McCourt, LLP
New York, NY
Tyler Tanner, Esq.
New York Legal Assistance Group
New York, NY

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion for a stay of proceedings pending a decision at DHCR pursuant to CPLR § 2201:
Papers Numbered
Notice of Motion and All Documents Annexed 1 (NYSCEF #10-12)
Affirmation in Opposition 2 (NYSCEF #13)
Affirmation in Reply 3 (NYSCEF #14)
Upon the foregoing cited papers, the decision and order on respondent's motion for a stay is as follows.
PROCEDURAL HISTORY
This summary licensee holdover proceeding was commenced in November 2024. Counsel for respondent Gabrielle Vines appeared in January 2025, and an answer with counterclaims was filed on March 3, 2025. In April 2025, respondent filed the instant motion, seeking a stay of this proceeding pending a determination on respondent's claim for succession at the New York State Division of Housing and Community Renewal (DHCR). Following the submission of opposition and reply papers, this court heard argument on the motion on May 21, 2025, and reserved decision.
[*2]DISCUSSION/CONCLUSION
Pursuant to CPLR § 2201, "[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." Respondent, who is claiming succession through her grandmother, the former tenant of record, claims that her administrative proceeding seeking succession at DHCR, which was filed in June 2024, "is now in final review with the docket # MR410020AD." (Vines Aff., ¶¶ 4-5). In opposition, petitioner argues that this court has concurrent jurisdiction with DHCR over matters relating to succession and asserts that petitioner will be prejudiced by any stay. However, there is no statement from a representative of petitioner attesting to any prejudice. Petitioner requests, in the alternative, that if a stay is granted that respondent be ordered to pay use and occupancy.
While petitioner is entitled to an "expeditious determination of its claim that it is wrongfully being denied possession" (2094-2096 Boston Post Rd., LLC v Mackies Am. Grill, Inc., 51 Misc 3d 150[A], 2016 NY Slip Op 50844[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]), respondent's succession claim, if successful at DHCR, would constitute a defense in this licensee proceeding (see Matter of RSL 53-55 E. 95th LLC v. New York State Div. of Hous. & Community Renewal, 137 AD3d 572, 573 [1st Dept 2016] ["It is undisputed that the courts and DHCR have concurrent jurisdiction to consider succession rights claims. It cannot be said that DHCR's retention of jurisdiction here was improper, where petitioner did not commence a holdover proceeding until . . . after [successor's] filing of her application for succession rights[.]" [internal citations omitted]). The court finds that a time-limited stay, conditioned on payment of ongoing use and occupancy (see Gramercy Realty LLC v Vasiljevic, 2025 NY Slip Op 50785[U], *1 [App Term, 1st Dept 2025]), is warranted to afford respondent an opportunity to obtain a determination on her succession claim at DHCR and to avoid duplicative adjudications of the same issue (see CPLR § 2201; 215 W. 84th St. Owner LLC v Ozsu, 209 AD3d 401, 401 [1st Dept 2022] ["[A] court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, duplication of proof and potential waste of judicial resources." [internal citation omitted]]). Thus, respondent's motion is granted to the extent that the court will stay the proceeding through August 31, 2025, specifically conditioned on payment of $869.97 per month in use and occupancy by the 7th of each month, commencing in June 2025.[FN1]
This award of pendente lite use and occupancy is without prejudice to petitioner's claims to accrued use and occupancy.
Upon a default in payment of use and occupancy, a determination by DHCR, or after August 31, 2025, either party may move by order to show cause to restore the proceeding.[FN2]
The court encourages DHCR to expedite a determination on respondent's succession claim. Either party may submit a copy of this Decision/Order to DHCR.
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: May 22, 2025
New York, New York
HON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:Counsels for the parties agreed at argument that the $869.97 amount reflected the rent under the most recent lease.

Footnote 2:A two-attorney stipulation to restore the proceeding may also be submitted, with notice to [email protected].